IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY L. JOHNSON,

       Plaintiff,    No. CIV S-07-2031 FCD JFM P

   vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

       Defendants.    ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 18, 2008, plaintiff filed a document entitled "Opposition to the Motions made by defendants Attorney." In this document, plaintiff states his opposition to all motions made by defendants' attorney. (Id. at 1.)[1] However, review of the court record reflects that there were no pending motions at that time. Accordingly, plaintiff's filing will be placed in the court file and disregarded.

       On February 1, 2008, plaintiff filed a request for more phone privileges and necessary legal supplies. In his motion, plaintiff alleges that court orders are necessary to gain

---

[1] Plaintiff also requested this action be set for jury trial. On January 18, 2008, the court issued its scheduling order which set this matter for jury trial on November 12, 2008. Id.

1

1  "more resources." (Id. at 1.)  Plaintiff did not explain what he needed additional resources to
2  accomplish.  Plaintiff did not allege that he was under a present obligation to submit documents
3  within a time certain and thus did not demonstrate that his right of access to the courts was being
4  impaired.  The court will not set a deadline merely for the purpose of insuring the plaintiff
5  additional library or phone time.  In addition, on April 4, 2008, plaintiff filed a change of address
6  indicating he has been transferred to a different institution.  Accordingly, plaintiff's February 1,
7  2008 request will be denied.

8  On March 17, 2008, plaintiff filed a request to have his address of record changed
9  to have all legal mail sent to his mother at her address because she is his "legal assistant in all of
10 [his] legal affairs, and [has] authority to make negotiations and decisions pertaining to the redress
11 in my lawsuit." (Id. at 1.)  Plaintiff is advised that as he is proceeding pro se, all filings must
12 continue to be sent to plaintiff at the institution where he is incarcerated.  Unless his mother is an
13 attorney, who is formally substituted in as counsel for plaintiff, plaintiff's mother may not stand
14 in plaintiff's place to litigate this action.  Plaintiff's March 17, 2008 request will be denied.

15 On May 6, 2008, defendants filed a motion for summary judgment.

16 On May 16, 2008, plaintiff filed an application for leave to file a belated motion
17 for enlargement of the discovery deadline, which expired April 18, 2008.  Plaintiff argues that
18 extraordinary circumstances beyond his control warrant the extension to conduct discovery.
19 Plaintiff is housed in the Reception Center at the prison, which means he is detained in his cell at
20 least 23 hours a day and, due to a statewide prison lockdown,[2] plaintiff has not been able to
21 access the prison law library for meaningful access to the courts.

22 Plaintiff avers that the prison law library does not stock case law and procedure
23 law books as ordered in Gilmore v. California, 220 F.3d 987 (2000), and another inmate is

---

25 [2] Plaintiff maintains that the Governor ordered a statewide prison lockdown on or about April 3, 2008 due to prison inmates assaulting and stabbing high ranking and correctional officers. (Id. at 2.)

2

litigating that issue in a habeas action and in <u>Gilmore</u>.  (Pl.'s Decl. at 3.)  Plaintiff also states that he was informed by the Prison Law Office that an attorney has written California Deputy Attorney General Ken Roost concerning the lack of lawbooks at the prison.  (<u>Id.</u> at 4.)

Plaintiff suggests the court may wish to stay this action for a brief period based on these developments at the prison.  (<u>Id.</u>)  However, plaintiff states he "will have filed the production for documents and police records, by the time the court reviews this pleading."  (<u>Id.</u>)

This court's scheduling order issued on January 18, 2008, over four months ago.  While this court is not unsympathetic to the plight he presently faces at North Kern State Prison, the docket reflects plaintiff was not transferred until around March 27, 2008.  Plaintiff did not explain what steps he took to conduct discovery prior to his transfer.  There is nothing in the record to contradict the inference that plaintiff was aware there would be police records, specifically an arrest report, as early as the date of his arrest on November 8, 2005.  Plaintiff has not explained why he has not attempted to obtain those documents until May of 2008.  Plaintiff is cautioned that it is his responsibility to diligently prosecute his action.

Moreover, plaintiff is advised that much of the information he needs is not located in the prison law library.  As noted in this court's November 21, 2007 order,

> to oppose a motion for summary judgment, plaintiff must show proof of his . . . claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required

to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

(Id. at 4-5.)

Because plaintiff alleges defendants used excessive force during his arrest, much of plaintiff's case will rest upon his own personal affidavit as to what transpired on that date. Such an affidavit does not require research in the law library; it is a recitation of the facts known to plaintiff as he was present during the arrest in question. In addition, plaintiff now has benefit of defendants' affidavits presenting their view of the facts. Plaintiff has failed to demonstrate why he cannot present facts essential to oppose defendants' motion for summary judgment. Fed. R. Civ. P. 56(f).

Accordingly, the court will direct defendants to provide plaintiff a copy of the pertinent police report(s) within ten days from the date of this order. Plaintiff's request for an extension of time to conduct discovery will be denied without prejudice to a renewed request that specifically identifies what additional discovery is required and what information he expects it will provide to support his claims or defeat summary judgment. If plaintiff renews his motion, he must specifically inform the court as to what additional documents or other discovery he would seek if the discovery period is extended. Fed. R. Civ. P. 56(f). In the meantime, plaintiff will be granted an extension of time in which to oppose the motion for summary judgment.

IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2008 and March 17, 2008 requests are denied.

2. Within ten days from the date of this order, defendants shall provide plaintiff with a copy of any and all police reports concerning the November 8, 2005 detention and arrest of plaintiff.

3. Plaintiff's May 16, 2008 application to extend the discovery deadline is denied without prejudice to its renewal upon a proper showing.

4. Plaintiff's opposition to defendants' May 6, 2008 motion for summary judgment is extended to July 11, 2008. Defendants' reply, if any, shall be filed seven days thereafter.

DATED: May 23, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001;john2031.den