IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY L. JOHNSON,

       Plaintiff,                No. 2:07cv2031 FCD-JFM-(PC)

       vs.

SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

       Defendants.           <u>ORDER</u>

                             /

          On June 20, 2008, plaintiff filed a document entitled "Notice of Motion and Motion for Discovery of Sheriff Personnel Records." Construed as a discovery request, plaintiff's motion is untimely under this court's scheduling order, which provided that the parties may serve discovery requests not later than sixty days prior to April 18, 2008. (<u>See</u> January 18, 2008 Scheduling Order at 5.) Construed as a motion to compel production of the records sought, plaintiff's motion is untimely, as all motions to compel production had to be filed by April 18, 2008. (<u>Id.</u>) In addition, plaintiff failed to first request discovery from defendants; plaintiff may not move to compel discovery where he failed to first propound discovery pursuant to the scheduling order deadline.

          On July 17, 2008, plaintiff filed a notice to take judicial notice of photographs submitted as evidence in support of plaintiff's complaint. On July 21, 2008, defendants objected,

1  noting the photographs had not been authenticated and the source of plaintiff's injuries had not
2  been documented.  Defendants contend that plaintiff crashed his car immediately prior to being
3  apprehended by deputies.
4         "Authentication is a condition precedent to admissibility and this condition is
5  satisfied by evidence sufficient to support a finding that the matter in question is what its
6  proponent claims." Orr v. Bank for America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002)
7  (internal quotes and citation omitted).  On a motion for summary judgment, "documents
8  authenticated through personal knowledge must be attached to an affidavit . . . and the affiant
9  must be a person through whom the exhibits could be admitted into evidence." Id. (internal
10 quotes and citation omitted).
11        Here, plaintiff states his attorney took the photographs on November 8, 2005 in an
12 effort to depict injuries plaintiff allegedly sustained at the hands of defendants.  Plaintiff verified
13 the statement by signing it under penalty of perjury.  Inasmuch as plaintiff is the subject of the
14 photographs, he may have personal knowledge thereof.
15        However, the photocopies of the photographs are not clear and the alleged injuries
16 are not either.  Plaintiff will be allowed until August 20, 2008 to lodge the actual photographs
17 rather than photocopies of the photographs.  At the same time he shall submit a statement, made
18 under penalty of perjury, setting forth his knowledge of the nature of the injuries depicted and the
19 causes of the injuries to the extent that he knows how they happened.  In the process of deciding
20 this motion for summary judgment it is not necessary to rule on plaintiff's request for judicial
21 notice.  Accordingly the motion will be denied without prejudice.
22        On July 24, 2008, plaintiff filed a request to amend his complaint to state his
23 amount of damages.  Such a statement of damages is not necessary.  Accordingly, plaintiff's
24 request will be denied and the statement of damages will be placed in the court file and
25 disregarded.
26 /////

1         Finally, plaintiff is reminded of his obligation to file an opposition to defendants' motion for summary judgment. This opposition is due on or before August 20, 2008, the same date as set forth above for filing the photographs and the explanatory statement.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's June 20, 2008 motion is denied. (Docket No. 42.)

        2. Plaintiff's July 17, 2008 request to take judicial notice is denied without prejudice. (Docket No. 46.) On or before August 20, 2008 plaintiff shall submit the original photographs together with a statement under penalty of perjury describing the injuries depicted in the photographs and how the injuries were caused.

        3. Plaintiff's July 24, 2008 request to amend is denied. (Docket No. 49.)

DATED: August 5, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; john2031.mtc