IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY L. JOHNSON,

       Plaintiff,                    No. 2:07-cv-2031 FCD JFM (PC)

   vs.

SOLANO COUNTY SHERIFF'S
DEPARTMENT, et al.,

       Defendants.             <u>ORDER</u>

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 29, 2009, findings and recommendations issued recommending defendants' motion for summary judgment be granted in part and denied in part. Objections were due on or before February 18, 2009. On February 23, 2009, the district court adopted the findings, noting no objections were filed.

        On March 2, 2009, plaintiff filed an application for extension of time to file objections. This document was signed by plaintiff, and the certificate of service states it was mailed on, February 18, 2009. Plaintiff stated he did not receive the findings and recommendations until January 30, 2009, and sought an extension of time to file objections to March 2, 2009.

/////

1

1  On March 4, 2009, defendants filed an opposition to the request for extension,
2 noting that plaintiff received the findings and recommendations one day after they issued.
3  On March 5, 2009, plaintiff filed objections to the findings and recommendations.
4 The appended proof of service states they were mailed on February 28, 2009.
5  This court finds that receiving the findings and recommendations the day after
6 they are issued does not warrant granting an extension of time.  Moreover, "a district court has
7 discretion, but is not required, to consider evidence presented for the first time in a party's
8 objection to a magistrate judge's recommendation."  United States v. Howell, 231 F.3d 615, 622
9 (9th Cir.2000).  However, even assuming the court were to accept plaintiff's late-filed
10 objections, it would not change the outcome here.
11  Plaintiff now contends that defendant Chandra was required to report the use of
12 excessive force against plaintiff and that defendant Chandra used excessive force against him by
13 pointing his gun at plaintiff.  However, as noted in this court's findings and recommendations,
14 both in his opposition and declaration, plaintiff contended it was defendants Walker and Collins
15 who used excessive force against him.  Moreover,

> [d]efendants Banks, Elbert and Chandra provide declarations confirming they had no physical contact with plaintiff during the arrest at issue. Indeed, defendants Banks and Elbert were not present at the time plaintiff was being secured by defendants Collins and Walker. Moreover, during the preliminary hearing on the underlying criminal charges, held on January 5, 2006, defendant Chandra testified that he did not have any physical contact with petitioner, nor did he kick plaintiff. Plaintiff has provided no evidence to rebut these declarations or testimony. Accordingly, defendants' Banks, Elbert and Chandra are entitled to summary judgment.

22 (Id. at 9 (internal citations omitted).)
23   In the Ninth Circuit pointing a weapon at someone can give rise to a 1983 claim.
24 See Robinson v. Solano County, 278 F.3d 1007 (9th Cir.2002)(en banc)(pointing a gun at an
25 unarmed suspect could give rise to an excessive force claim).  However, taking all inferences in
26 /////

favor of plaintiff, the non-movant, a reasonable jury could not find that defendant Chandra used excessive force by pointing his gun at plaintiff.

> Plaintiff . . . provided testimony of defendant Chandra at the January 5, 2006 preliminary hearing. (Pl.'s September 24, 2008 Affidavit, RT at 17 [Docket No. 67].) Defendant Chandra testified that plaintiff was stopped against a wall, defendant Walker had his gun trained on plaintiff, and Chandra then drew his gun on plaintiff, too. (Id.) Defendant Chandra testified that defendant Walker tackled plaintiff "a good thirty seconds later." (Id., RT at 17-18.) After plaintiff was taken to the ground, Chandra testified that defendants Collins and Walker were trying to get plaintiff's hands out in front of him. (Id., RT at 18.) Defendant Chandra left the scene immediately to return to the vehicle after not touching plaintiff at all. (Id. at 18-19.)

(January 29, 2009 Findings and Recommendations at 10.) Defendant Chandra had his gun trained on plaintiff prior to the take-down by Walker, then left the scene immediately. This brief pointing of the gun, while plaintiff was attempting to evade arrest, was not objectively unreasonable or excessive under the circumstances. Accordingly, IT IS HEREBY ORDERED that plaintiff's March 5, 2009 objections are overruled and the dismissal of defendant Chandra is affirmed.

DATED: July 13, 2009.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE